UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE WILLIAMS,<br>CDCR #AG-2394,<br><br>         Plaintiff,<br><br>vs.<br><br>DEPARTMENT OF JUSTICE,<br>Bureau of Criminal Info and Analysis;<br>XAVIER BECERRA, Attorney General<br>         Defendants. | Case No.: 3:18-cv-02095-CAB-MDD<br><br>**ORDER:**<br><br>**1) DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS BARRED BY 28 U.S.C. § 1915(g) [ECF No. 2]**<br><br>**AND**<br><br>**2) DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)** |

  LANCE WILLIAMS ("Plaintiff"), a prisoner incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, and proceeding pro se, has filed this civil rights action pursuant to 42 U.S.C. § 1983. *See* Compl., ECF No. 1.

  Plaintiff did not prepay the civil filing fee required to commence a civil action at the time he filed his Complaint; instead, he filed a Motion for Leave to proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2), followed by supplemental exhibits in support of his Complaint (ECF No. 4).

1

I.  **Motion to Proceed IFP**

   A.  Standard of Review

"All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). Prisoners like Plaintiff, however, "face … additional hurdle[s]." *Id.*

Specifically, in addition to requiring prisoners to "pay the full amount of a filing fee," in "monthly installments" or "increments" as provided by 28 U.S.C. § 1915(a)(3)(b), *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the privilege to proceed IFP:

> . . . if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005).

"Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.*; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997). "[S]ection 1915(g)'s cap on prior dismissed claims applies to claims dismissed both before and after the statute's effective date." *Id.* at 1311.

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the

district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). When courts "review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'" *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)).

Once a prisoner has accumulated three strikes, section 1915(g) prohibits his pursuit of any subsequent IFP civil action or appeal in federal court unless he faces "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.").

B. Discussion

As an initial matter, the Court has carefully reviewed Plaintiff's Complaint, including all his supplemental exhibits, and concludes they do not contain any "plausible allegations" to suggest he "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)).

Instead, Plaintiff claims the California Department of Justice's "Bureau of Criminal Info and Analysis" and State Attorney General Xavier Becerra violated his Fifth and Eighth Amendment rights on November 1, 2017—the date the State Board of Parole Hearings ("BPH") denied him parole. *See* Compl., ECF No. 1 at 2, 7 & Ex. 10, ECF No. 4 at 65-66. Plaintiff argues that had these Defendants not included "errors" on his rap sheet related to his criminal history, he could have had a lower bail set in a 2009 Los Angeles County criminal case, could have "bailed out to obtain an attorney to get better results," and "would not have [gone] to state prison." *Id.* at 4-5. Plaintiff adds that the "error on his rap sheet," and the BPH's ultimate decision to deny him parole, has resulted in "imminent danger" because as a result, he must now remain incarcerated and face

"victimiz[ation]," and threats of assault "on a daily basis." *Id.* at 7.

Generalized fears of potential harm due to a prisoner's incarceration alone, however, are insufficient to plausibly show the "imminent danger of serious physical injury" required for Plaintiff to qualify for § 1915(g)'s exception. *See e.g.*, *Andrews*, 493 F.3d at 1053, 1056; *see also Parker v. Montgomery Cty. Corr. Facility/Bus. Office Manager,* 870 F.3d 144, 154 n.12 (3d Cir. 2017) ("Although prison can undoubtedly be a dangerous place, incarceration alone does not satisfy the requirement of "imminent danger of serious physical injury" for purposes of § 1915(g). Indeed, if it did, every prisoner would be entitled to IFP status and the exception would swallow the rule.") (citation omitted); *Patrick v. Altshuler*, No. 2:17-CV-1046 AC P, 2017 WL 4539273, at *5 (E.D. Cal. Oct. 11, 2017) (finding prisoner's claims of "[f]ear with trust issues" and "painful" "[a]buse[s] of power" were insufficient to demonstrate he was "under imminent danger of serious physical injury" under § 1915(g)).

Moreover, Plaintiff's claims of past danger and a nondescript "recent assault" at RJD, *see* Compl., ECF No. 1 at 7, are insufficient to satisfy § 1915(g)'s "imminence" requirement. *See Cervantes*, 493 F.3d at 1055. To qualify for § 1915(g)'s exception, the danger alleged must be real, proximate, and/or ongoing. *Id.; Blackman v. Mjening*, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016) ("Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical."). "[V]ague and utterly conclusory assertions" of imminent danger are insufficient. *White v. Colorado*, 157 F.3d 1226, 1231-32 (10th Cir. 1998); *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) ("[C]onclusory assertions" are "insufficient to invoke the exception to § 1915(g)"); *Pauline v. Mishner*, 2009 WL 1505672, at *3 (D. Haw. May 28, 2009) ("Plaintiff's vague and conclusory allegations of possible future harm to himself or others are insufficient to trigger the 'imminent danger of serious physical injury' exception to dismissal under § 1915(g)."). The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat ... is real and proximate." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002); *see also Bontemps v. Hicks*, No. 1:16-CV-

01854-DAD-EPG, 2018 WL 1905648, at *5 (E.D. Cal. Apr. 23, 2018) ("[T]he complaint of a three-strikes litigant must reveal a nexus between the imminent danger it alleges and the claims it asserts, in order for the litigant to qualify for the 'imminent danger' exception of § 1915(g).") (citing *Stine v. Fed. Bureau of Prisons*, No. 1:13-CV-1883 AWI MJS, 2015 WL 5255377, at *3 (E.D. Cal. Sept. 9, 2015); *Pettus v. Morgenthau*, 554 F.3d 293, 298–99 (2d Cir. 2009)).

And while Defendants typically carry the initial burden to produce evidence demonstrating a prisoner is not entitled to proceed IFP, *Andrews*, 398 F.3d at 1119, "in some instances, the district court docket may be sufficient to show that a prior dismissal satisfies at least one on the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120. That is the case here.

A court may take judicial notice of its own records, *see Molus v. Swan*, Civil Case No. 3:05-cv-00452-MMA-WMc, 2009 WL 160937, *2 (S.D. Cal. Jan. 22, 2009) (citing *United States v. Author Services*, 804 F.2d 1520, 1523 (9th Cir. 1986)); *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015), and "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

Therefore, this Court take judicial notice of the following cases filed by Plaintiff Lance Williams, identified as CDCR #AG-2394, while he has been incarcerated, and finds he has had at least seven prior prisoner civil actions or appeals dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.

They are:

1) *Williams v. Aparicio, et al.*, Civil Case No. 2:14-cv-08640-PA-KK (C.D. Cal., West. Div., Dec. 16, 2014 Report and Recommendation ["R&R"] to dismiss

Complaint sua sponte for failing to state a claim as time-barred) (ECF No. 8)[1]; (Feb. 5, 2015 Order Accepting R&R and dismissing action with prejudice (ECF No. 9) (strike one);

    2)    *Williams v. L.A. County, et al.*, Civil Case No. 2:14-cv-08039-PA-KK (C.D. Cal., West. Div., Jan. 7, 2015 Order to Show Cause ["OSC"] Why Action Should not be Dismissed as Untimely) (ECF No. 11); (March 9, 2015 Notice of Voluntary Dismissal) (ECF No. 16)[2] (strike two);

    3)    *Williams v. Allard, et al.,* Civil Case No. 2:15-cv-00037-PA-KK (C.D. Cal., West. Div., March 27, 2015 OSC Why Action Should not be Dismissed as time-barred) (ECF No. 5); (April 8, 2015 Notice of Voluntary Dismissal) (ECF No. 6) (strike three);

    4)    *Williams v. Kerkfoot, et al.,* Civil Case No. 2:14-cv-07583-GW-KK (C.D. Cal., West. Div. Jan. 22, 2015 Final R&Rs re dismissal of action as time-barred) (ECF No. 18); (May 15, 2015 Order Accepting R&R) (ECF No. 21) (strike four);

    5)    *Williams v. Young, et al.*, Civil Case No. 2:14-cv-08037-PA-KK (C.D. Cal., West. Div. May 19, 2015 Memorandum and Order Dismissing Action as Untimely) (ECF No. 17) (strike five);

    6)    *Williams v. Winsaver, et al.,* Civil Case No. 2:15-cv-01228-CMK (E.D. Cal. Sept. 30, 2016 Order Dismissing Complaint for failing to state a claim with leave to amend pursuant to 28 U.S.C. § 1915A) (ECF No. 9); (Oct. 11, 2017 Order noting Plaintiff's Notice of Voluntary Dismissal pursuant to Fed. R. Civ. P. 41) (ECF No. 15) (strike six);[3] and

---

[1] *See Belanus v. Clark*, 796 F.3d 1021, 1053 (9th Cir. 2007) (dismissals for failure to state a claim because claims were time-barred may be counted as strikes pursuant to 28 U.S.C. § 1915(g)).

[2] *See Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017) ("A prisoner may not avoid incurring strikes simply by declining to take advantage of [an] opportunity to amend.").

[3] *See Harris*, 863 F.3d at 1143 ("[W]hen (1) a district court dismisses a complaint on the ground that it fails to state a claim, and (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint, the dismissal counts as a strike under § 1915(g).").

7) *Williams v. Young, et al.,* Appeal No. 15-55967 (9th Cir., Sept. 18, 2015) (Order) ("We deny appellant's motion to proceed in forma pauperis because we … find the appeal is frivolous.") (Dkt. No. 8) (strike seven).[4]

Accordingly, because Plaintiff has, while incarcerated, accumulated more than three "strikes" pursuant to § 1915(g), and he fails to make a "plausible allegation" that he faced imminent danger of serious physical injury at the time he filed his Complaint, he is not entitled to the privilege of proceeding IFP in this civil action. *See Cervantes*, 493 F.3d at 1055; *Rodriguez v. Cook*, 169 F.3d 1176, 1180 (9th Cir. 1999) (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").[5]

---

[4] *See Richey v. Dahne*, 807 F.3d 1202, 1208 (9th Cir. 2015) (finding that appellate court's denial of prisoner's request for IFP status on appeal on grounds of frivolousness constituted a "strike" under § 1915(g) "even though [it] did not dismiss the appeal until later when the [appellant] did not pay the filing fee.").

[5] Plaintiff has also been denied leave to proceed IFP, or has had his IFP status revoked pursuant to 28 U.S.C. § 1915(g), on many subsequent occasions in this Court, as well as in the Central and Eastern Districts of California. *See Williams v. Buenostrome, et al.*, Civil Case No. 3:17-cv-02345-MMA-JLB (S.D. Cal. Jan. 31, 2018 Order Granting Leave to Amend and Denying Motion to Proceed IFP as barred by 28 U.S.C. § 1915(g)) [ECF No. 11]; *Williams v. Paramo, et al.*, Civil Case No. 3:18-cv-2596-MMA-BLM (S. D. Cal. March 1, 2018 Order Denying Motion to Proceed IFP as barred by 28 U.S.C. § 1915(g)) [ECF No. 3]; *Williams v. Villescaz, et al.*, Civil Case No. 2:15-cv-01230-CKD (E. D. Cal. Feb. 24, 2016 Order Revoking IFP as Barred by 28 U.S.C. § 1915(g)) (ECF No. 20); *Williams v. Just*, Civil Case No. 2:15-cv-02143-WBS-CKD (E.D. Cal. Feb. 25, 2016 Order Granting Motion to Revoke IFP per § 1915(g)) (ECF No. 23), *aff'd*, Appeal No. 16-16210 (Ninth Cir., Aug. 17, 2017) (Mem.) (Dkt. No. 23-1); *Williams v. DeGeorges*, Civil Case No. 2:16-cv-00025-TLN-CKD (E.D. Cal. Feb. 24, 2016 Order Denying IFP per § 1915(g)) (ECF No. 6), *aff'd*, Appeal No. 16-16106 (Ninth Cir., Aug. 17, 2017) (Mem.) (Dkt. No. 10-1); *Williams v. Sharp*, Civil Case No. 2:15-cv-02542-GEB-KJN (E.D. Cal., July 14, 2016 Order Adopting F&R and Granting Motion to Revoke IFP as barred by 28 U.S.C. § 1915(g) (ECF No. 16), *aff'd,* Appeal No. 16-17105 (Ninth Cir. Aug. 17, 2017) (Mem.) (Dkt. No. 20-1); *Williams v. Garcia, et al.*, Civil Case No. 2:16-cv-06744-PA-KK (C.D. Cal., West. Div. Nov. 22, 2016) (Order Denying IFP as barred by § 1915(g)) (ECF No. 9), *aff'd*, Appeal No. 16-56854 (Ninth Cir. Aug. 17, 2017) (Mem.) (Dkt. No. 10-1); *Williams v. Logan, et al.*, Civil Case No. 2:15-cv-02084-MCE-AC (E.D. Cal. June 20, 2017 Order Adopting F&R and Granting Motion to Revoke IFP per § 1915(g)) (ECF No. 21), and *Williams v.*

## II. Conclusion and Orders

For the reasons set forth above, the Court:

1) **DENIES** Plaintiff's Motion to Proceed IFP (ECF No. 2) as barred by 28 U.S.C. § 1915(g);

2) **DISMISSES** this civil action without prejudice based on Plaintiff's failure to pay the full statutory and administrative $400 civil filing fee required by 28 U.S.C. § 1914(a);

3) **CERTIFIES** that an IFP appeal from this Order would be frivolous and therefore, would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous); and

4) **DIRECTS** the Clerk of Court to close the file.

**IT IS SO ORDERED**.

Dated: October 31, 2018

_____
Hon. Cathy Ann Bencivengo
United States District Judge

---

*Escalante, et al.,* Civil Case No. 2:17-cv-01139-KJN (E.D. Cal. Aug. 31, 2017 Order denying IFP as barred by 28 U.S.C. § 1915(g) (ECF No. 8).